UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>   Plaintiff,   )<br>  )<br>vs.   )<br>  )<br>GARY STARKS,   )<br>  )<br>   Defendant.   ) | No. 03-cr-40031-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Gary Starks' *pro se* Motion (Doc. 41) for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10.  The Court appointed counsel for Starks, and said counsel has since moved to withdraw on the basis that she can make no non-frivolous arguments in support of Starks' request.  (*See* Doc. 43); *see also Anders v. California*, 386 U.S. 738, 744 (1967).  Despite the allowance of a response period by this Court (*see* Doc. 44), Starks did not respond to defense counsel's motion.  Meanwhile, the Government filed a Response (Doc. 45) that agreed with the basic assertions and relief sought by defense counsel.

Starks pled guilty to two counts of distribution of crack cocaine and one count of conspiracy to distribute and possess with intent to distribute 5 grams or more of crack cocaine.  At sentencing, the Court found by a preponderance of the evidence that Starks' relevant conduct was at least 50 grams but not more than 150 grams of crack cocaine, which under U.S.S.G. § 2D1.1 yielded a base offense level of 32.  While Starks' offense level was increased by two points under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon during the commission of his crime, his offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility.  However, the Court found that Starks was a career offender under

U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his offense level to 34, again reduced by 3 to 31 for acceptance of responsibility.  Considering Starks' criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison.  The Court imposed a sentence of 235 months.  Starks now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (2006).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom. McKnight v. United States*, 129 S. Ct. 1924 (2009).

Starks cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2) (2006).  Amendments 706

2

and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Starks, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Starks cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's Motion (Doc. 43) to withdraw and **DISMISSES** Starks' *pro se* Motion (Doc. 41) for a sentence reduction for lack of jurisdiction.

The Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to Gary Starks, Reg. #05851-025, FCI Victorville Medium II, Federal Correctional Institution, P.O. Box 5300, Adelanto, CA 92301.

**IT IS SO ORDERED.**
**DATED: March 2, 2010**

                                                            s/ J. Phil Gilbert
                                                            **J. PHIL GILBERT**
                                                            **DISTRICT JUDGE**